IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SEIKO EPSON CORPORATION,                    06-CV-477-BR
a Japan corporation; **EPSON
AMERICA, INC.,** a California              OPINION AND ORDER
corporation; and **EPSON
PORTLAND, INC.,** an Oregon
corporation,

        Plaintiffs,

v.

**GLORY SOUTH SOFTWARE
MANUFACTURING, INC.,** a
California corporation**;
BUTTERFLY PRINT IMAGE CORP.
LTD,** a Hong Kong company**;
INK LAB (H.K.) CO., LTD,**
a Hong Kong company; **NECTRON
INTERNATIONAL, LTD,** a Texas
company; **MIPO INTERNATIONAL,
LTD,** a Hong Kong company;
**MIPO AMERICA, LTD,** a Florida
company; **NINE STAR IMAGE CO.,
LTD,** a China company; **NINE
STAR TECHNOLOGY CO., LTD,** a
California company; **TOWN
SKY, INC.,** a California

1  - OPINION AND ORDER

corporation; **ZHUHAI GREE
MAGNETO-ELECTRIC CO., LTD,**
a China company; **MMC CONSUMABLES,
INC.,** a California company;
**TULLY IMAGING SUPPLIES, LTD,**
a Hong Kong company; **INKJET
WAREHOUSE.COM INC.,** a Connecticut
corporation; **WELLINK TRADING CO.,
LTD,** a China company; **RIBBON TREE
(MACAO) TRADING CO, LTD,** a China
company; **RIBBON TREE (USA) INC.,
dba CANA-PACIFIC RIBBONS, INC.,**
a Washington company; **APEX
DISTRIBUTING INC.,** a Washington
company; **ARTECH GMBH,** a German
company; **INK TEC CO., LTD,** a
Korea company; **INK TEC AMERICA
CORPORATION,** a Maryland company;
**DATAPRODUCTS USA, LLC,** a California
limited liability corporation;
**GERALD CHAMALES CORP., dba RHINOTEK
COMPUTER PRODUCTS,** a California
corporation; **MASTER INK CO., LTD,**
a Hong Kong company; **ACUJET U.S.A.,
INC.,** a California company; and **RHINOTEK
COMPUTER PRODUCTS, INC.,** a California
corporation,

       **Defendants.**


**DAVID W. AXELROD**
**PATCHEN M. HAGGERTY**
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 S.W. Fifth Ave, Suite 1900
Portland, OR 97204
(503) 796-2900

**HAROLD A. BARZA**
**STEVEN M. ANDERSON**
**RYAN S. GOLDSTEIN**
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 624-7707

> Attorneys for Plaintiffs Seiko Epson
> Corporation; Epson America, Inc.; and
> Epson Portland, Inc.

**DENNIS P. RAWLINSON**
**KY FULLERTON**
Miller Nash LLP
111 S.W. Fifth Avenue
Suite 3400
Portland, OR 97204-3699
(503) 224-0155

**JOEL E. LUTZKER**
**LEONARD S. SORGI**
919 Third Avenue
New York, NY 10022
(212) 756-2000

> Attorneys for Defendants Glory South
> Software Manufacturing, Inc.; Butterfly
> Print Image Corp., Ltd; Ink Lab (H.K.)
> Co., Ltd; Nectron International, Ltd;
> Mipo International Ltd; Mipo America,
> Ltd.; Nine Star Image Co., Ltd; Nine
> Star Technology Company, Ltd; Town Sky,
> Inc.; and DataProducts USA, LLC

**BRENNA KRISTINE LEGAARD**
Chernoff Vilhauer McClung & Stenzel, LLP
601 S.W. Second Avenue
Suite 1600
Portland, OR 97204
(503) 227-5631

> Attorneys for Defendants Zhuhai Gree
> Magneto-Electric Co., Ltd, and MMC
> Consumables, Inc.

3  - OPINION AND ORDER

**STEVEN M. WILKER**
Tonkon Torp LLP
888 S.W. Fifth Avenue
Suite 1600
Portland, OR 97204-2099
(503) 802-2040

   Attorneys for Defendants Tully Imaging
   Supplies, Ltd; Inkjet Warehouse.Com, Inc.;
   and Wellink Trading Co., Ltd

**KEITH S. DUBANEVICH**
Garvey Schubert Barer
121 S.W. Morrison Street
11th Floor
Portland, OR 97204-3141
(503) 228-3939

   Attorneys for Defendants Ribbon Tree (Macao)
   Trading Co., Ltd; Ribbon Tree (USA), Inc.; and
   Apex Distributing Inc.

**STEPHEN F. DEATHERAGE**
Bullivant Houser Bailey PC
300 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204
(503) 295-0915

   Attorneys for Defendant Artech GmbH

**JAMES L. HILLER**
Hitt Hiller and Monfils, LLP
411 S.W. Second Avenue
Suite 400
Portland, OR 97204
(503) 228-8870

   Attorneys for Defendants Ink Tec Co.,
   Ltd, and Ink Tec America Corporation

**BROWN, Judge.**

This matter comes before the Court on Plaintiffs' Motion for Leave to File an Amended Complaint (#56) and Motion for Alternative Service on Defendants Butterfly Print Image Corp. Ltd and Ribbon Tree (Macao) Trading Co., Ltd. (#61).

For the following reasons, the Court **GRANTS** Plaintiff's Motion to Amend and Motion for Alternative Service.

## MOTION TO AMEND

Leave to amend a complaint shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a).

Plaintiffs move to amend their Complaint for Patent Infringement for the sole purpose of adding Rhinotek Computer Products, Inc. (RCPI), a Delaware corporation, as an additional co-defendant. Plaintiff's original Complaint named "Gerald Chamales Corp. dba Rhinotek Computer Products" as a defendant. Defendant Gerald Chamales Corp. has since been sold to RCPI.

Defendants do not oppose Plaintiffs' Motion. In addition, this Court entered an Order on June 8, 2006, staying all proceedings in this action and expressly allowing the parties to move for an amendment adding additional parties. *See* Corrected Order on Certain Motion to Stay Proceedings (issued June 8, 2006).

Accordingly, the Court grants Plaintiffs' Motion to Amend to

5  - OPINION AND ORDER

add RCPI as a party-defendant.  Plaintiffs shall file their
Amended Complaint no later than February 6, 2007.

## MOTION FOR ALTERNATIVE SERVICE

Plaintiffs move for Alternative Service of Summons and
Complaint in accordance with Federal Rule of Civil Procedure 4(f)
as to Defendants Butterfly Print and Ribbon Tree (Macao).

Plaintiffs offer the Declaration of paralegal Alexander S.
Williams with supporting exhibits to establish the good-faith
attempts made by Plaintiffs to obtain personal service of the
Summons and Complaint on Butterfly Print and Ribbon Tree (Macao)
under the authority of the Hague Convention as to Service Abroad
of Judicial and Extrajudicial Documents.  These efforts have been
frustrated by the inability of Plaintiffs to reach these
Defendants at physical locations.

### Background

**1.    Butterfly Print.**

In May 2006, Plaintiffs attempted to make personal service
on Butterfly Print in Hong Kong on three separate occasions at
one address and on a fourth occasion at another address.  On
one of these occasions, the server had an appointment to meet
with "Ms. Lam," who identified herself as Butterfly Print's
accountant, for the purpose of serving the documents, but Lam
failed to keep the appointment.  Personal service was again

attempted unsuccessfully in July 2006 and October 2006.

In July 2006, Plaintiffs also sent the Summons and Complaint to Butterfly Print for delivery via UPS.  The first attempt at delivery was unsuccessful.  In August 2006, Plaintiffs delivered the package to the forwarding address for Butterfly Print in Hong Kong that was on record with UPS.  The package was accepted by "Ms. Chung."  Service via UPS was also attempted at a second address in Hong Kong, and delivery was accepted by "Ms. Li."

**2.    Ribbon Tree (Macao).**

Plaintiffs attempted to serve Ribbon Tree (Macao) personally at an address in Macao, Peoples Republic of China, but Plaintiffs were advised Ribbon Tree (Macao) had dissolved and liquidated its assets in April 2006.  Plaintiffs, however, successfully served the Summons and Complaint on Ribbon Tree (USA), which has appeared in this action.

<u>Discussion</u>

The Hague Convention allows the "destination state," which is China in this case, to dictate the type of service that is acceptable.  *See* Hague Convention, art. 10, Nov. 15, 1965, 20 U.S.T. 361.  China has excluded postal or other informal channels of service.  Thus, the only method of service in China that complies with the Hague Convention is personal service through China's "Central Authority."  Under those circumstances, courts have held service of process to be adequate if, after a good

7  - OPINION AND ORDER

faith but unsuccessful attempt to comply with the Hague
Convention, the party to be served had sufficient notice of the
action that no injustice would result.  *See generally Burda
Media, Inc. v. Vertel,* 417 F.3d 292, 301 (2d Cir. 2005)(citing
*Fox v. Regie Nationale des Sines Renault,* 103 FRAT 453, 455 (W.D.
Tenn. 1984)):

> Service of process was properly perfected
> under the Hague Convention, notwithstanding
> the failure of the Central Authority to
> return a Certificate, where the plaintiff
> attempted in good faith to comply with the
> Hague Convention and where the defendant had
> sufficient notice of the action such that no
> injustice would result.

Consequently, courts read "the Hague Convention together with
Rule 4," which "stresses actual notice, rather than strict
formalism." *Id.  See, e.g.*, *Millibar v. Meyer*, 311 U.S. 457,
463 (1940); *Rovinski v. Rowe*, 131 F.2d 687 (6th Cir. 1942).

Here, based on their good faith but unavailing attempts to
serve Butterfly Print and Ribbon Tree (Macao) with service of
Summons and Complaint in accordance with the Hague Convention,
and in light of the adequate actual notice already provided,
Plaintiffs propose alternative forms of service under Rule
4(f)(2(C)(ii) whereby the Clerk of Court sends a certified copy
of the Complaint and Summons using a form of mail that requires
the return of a signed receipt or under Rule 4(f)(3) whereby the
Court directs the means of service.

Thus, in accordance with the alternative service provisions

8  - OPINION AND ORDER

of Rule 4, Plaintiffs specifically request the Court to direct the Clerk of Court to deliver the Complaint and Summons to Defendant Butterfly Print and Defendant Ribbon Tree (Macao) and its shareholders as set forth below.

On this record, the Court finds the proposed alternative means of service requested by Plaintiffs is reasonably calculated to give proper notice of this action to Defendants Butterfly Print and Ribbon Tree (Macao).

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motion for Leave to File an Amended Complaint (#56) and Motion for Alternative Service on Defendants Butterfly Print Image Corp. Ltd and Ribbon Tree (Macao) Trading Co., Ltd (#61).

Accordingly, the Court hereby **ORDERS** as follows:

1.  <u>Service on Butterfly Print</u>.

The Clerk of Court shall cause the Complaint and Summons in this case to be delivered via UPS to Defendant Butterfly Print Image, return signed receipt requested, at the following addresses:

> Flat 1408 A
> 14/F Well Fung Industrial Cntr.
> 58-76 Ta Chuen Ping ST
> Kwau Chung, NT
> Hong Kong SAR

> Room 1708B
> 14/F Well Fung Industrial Cntr.
> 68 Ta Chuen Ping ST
> Kwau Chung, NT
> Hong Kong SAR
>
> Chung Hong Hong Wah
> Cour Suite 1204
> Yao Tong, 15000
> Hong Kong

Plaintiffs shall email the Complaint and Summons to Butterfly Print at info@butterflyimage.com.

2. <u>Service on Ribbon Tree (Macao)</u>.

The Clerk of Court shall cause the Complaint and Summons in this case to be delivered via UPS to Defendant Ribbon Tree (Macao), return signed receipt requested, at the following addresses:

> Rua Filipe O'Costa, 1B, 4th Floor
> Floor "B"
> Parish of Se, Macau
>
> Unit A, Building 4, Centro
> Comercial Brilhantismo
> No. 159-207, Alameda Dr.
> Carlos D'Assumpcao
> Macao
>
> 11-P, edf. C. Ind.
> Keck Seng Building 2
> Macau

If service of the Complaint and Summons on Ribbon Tree (Macao) at any of the above addresses fails, the Clerk of Court shall cause the Complaint and Summons to be delivered via UPS to "Shareholders of Ribbon Tree," at the following addresses:

10 - OPINION AND ORDER

Shan Sik Mun
Avenida de Conselheiro
Ferreria de Alameida, No. 119,
17th Floor "G"
Macau

Ieong Peng Chone
Rua de Ponte e Horta, 25
1st Floor "G"
Macau

Mui Koc Kan fka Cristina Lei
Calcada do Paiol, 2
4th Floor "B"
Macau.

Plaintiffs shall prepare all pleadings and other documents necessary for the Clerk of Court to execute this Order.

IT IS SO ORDERED.

DATED this 24th day of January, 2007.


/S/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER