IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SEIKO EPSON CORPORATION,                          06-CV-477-BR
a Japan corporation; EPSON
AMERICA, INC., a California                       OPINION AND ORDER
corporation; and EPSON
PORTLAND, INC., an Oregon
corporation,

                Plaintiffs,

v.

GLORY SOUTH SOFTWARE
MANUFACTURING, INC., a
California corporation;
BUTTERFLY PRINT IMAGE CORP.,
LTD, a Hong Kong company;
INK LAB (H.K.) CO., LTD,
a Hong Kong company; NECTRON
INTERNATIONAL, LTD, a Texas
company; NINE STAR IMAGE CO.,
LTD, a China company; NINE
STAR TECHNOLOGY CO., LTD, a
California company; TOWN

1 - OPINION AND ORDER

SKY, INC., a California
corporation; ZHUHAI GREE
MAGNETO-ELECTRIC CO., LTD,
a China company; MMC CONSUMABLES,
INC., a California company;
TULLY IMAGING SUPPLIES, LTD,
a Hong Kong company; INKJET
WAREHOUSE.COM, INC., a Connecticut
corporation; WELLINK TRADING CO.,
LTD, a China company; RIBBON TREE
(MACAO) TRADING CO., LTD, a China
company; RIBBON TREE (USA), INC.,
dba CANA-PACIFIC RIBBONS, INC.,
a Washington company; APEX
DISTRIBUTING, INC., a Washington
company; DATAPRODUCTS USA, LLC, a
California limited liability
corporation; MASTER INK CO., LTD,
a Hong Kong company; and ACUJET U.S.A.,
INC., a California company,

              Defendants.


**DAVID W. AXELROD**
**CONNIE C. KONG**
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 S.W. Fifth Ave, Suite 1900
Portland, OR 97204
(503) 796-2900

**AARON B. CRAIG**
**HAROLD A. BARZA**
**J.D. HORTON**
**RYAN S. GOLDSTEIN**
**TIGRAN GULEDJIAN**
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 624-7707

        Attorneys for Plaintiffs Seiko
        Epson Corporation; Epson America,
        Inc.; and Epson Portland, Inc.


2   - OPINION AND ORDER

**TIMOTHY S. DEJONG**
Stoll Stoll Berne Lokting & Schlachter, PC
209 S.W. Oak Street
Fifth Floor
Portland, OR 97204
(503) 227-1600

**EDWARD O'CONNOR**
The Eclipse Group LLP
1920 Main Street
Suite 150
Irvine, CA 92614
(949) 851-5000

> Attorneys for Defendants Glory South Software Manufacturing, Inc.; Butterfly Print Image Corp., LTD; Ink Lab (H.K.) Co., LTD; Nectron International, LTD; Nine Star Image Co., LTD; Nine Star Technology Company, LTD; Town Sky, Inc.; and DataProducts USA, LLC

**BERT P. KRAGES II**
6665 S.W. Hampton Street
Suite 200
Portland, OR 97223
(503) 597-2525

**CHARLES R. SUTTON**
**JOSEPH M. LIU**
Law Offices of Roger C. Hsu
201 S. Lake Ave.
Suite 302
Pasadena, CA 91101

> Attorneys for Defendant Zhuhai Gree Magneto-Electric Co., LTD

**STEVEN M. WILKER**
Tonkon Torp LLP
888 S.W. Fifth Avenue
Suite 1600
Portland, OR 97204-2099
(503) 802-2040

**CHINTAN PANCHAL**
**JACOB S. PULTMAN**
Allen & Overy LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 756-1115

>    Attorneys for Defendants Tully Imaging
>    Supplies, LTD, and Wellink Trading Co., LTD

**KATHLEEN CARROLL BRICKEN**
Garvey Schubert Barer
121 S.W. Morrison Street
11th Floor
Portland, OR 97204-3141
(503) 228-3939

>    Attorneys for Ribbon Tree (USA), Inc.,
>    and Apex Distributing, Inc.

**BROWN, Judge.**

This matter comes before the Court on the Motion (#142) to Quash Plaintiffs' First Notices of Deposition and for a Protective Order filed by Defendants Tully Imaging Supplies, LTD, and Wellink Trading Co., LTD; the Unopposed Motion (#153) to Withdraw as Attorney of Record filed by counsel for Defendants Tully and Wellink; and the Unopposed Motion (#161) to Withdraw as Attorneys of Record filed by counsel for Defendants Apex Distributing, Inc., and Ribbon Tree (USA), Inc.[1]

For the following reasons, the Court **GRANTS in part** and

---

[1] In a related case, *Seiko Epson Corp. v. Glory South Software Manufacturing, Inc.,* 06-CV-236-BR, Plaintiffs allege Defendants infringed other patents. The issues involved in both cases, however, are identical and identical Motions are pending in that action.

4  - OPINION AND ORDER

**DENIES in part** the Motion to Quash and for a Protective Order filed by Tully and Wellink and **GRANTS** the Motions to Withdraw by counsel for Defendants Tully and Wellink and by counsel for Apex and Ribbon Tree.

## BACKGROUND

In their Complaint, Plaintiffs allege numerous Defendants infringed two ink-cartridge patents held by Plaintiffs.  After Defendants Tully and Wellink advised the Court that they intended to move to dismiss this case for lack of personal jurisdiction, the Court set a deadline of May 15, 2009, for the parties to complete discovery relevant to personal jurisdiction and May 29, 2009, as the deadline for filing any motions to dismiss based on jurisdictional issues.

Plaintiffs timely served Defendants with First Notices of Deposition, Amended Interrogatories, and Second Requests for Production of Documents directed at jurisdictional issues.

On April 13, 2009, however, Defendants Tully and Wellink filed their pending Motion to Quash.  On April 27, 2009, the Court heard oral argument on the Motion to Quash.  On April 30, 2009, the Court directed the parties to file simultaneous Supplemental Memoranda addressing comity issues involved in taking depositions in Hong Kong as Plaintiffs proposed and whether such depositions were necessary in light of the expected

responses of Tully and Wellink to document and other non-deposition discovery requests.

On May 5, 2009, however, counsel for Defendants Tully and Wellink moved to withdraw on the ground that Tully and Wellink had not responded to counsel's requests for instructions in furtherance of their Motion to Quash except to instruct counsel that they were not authorized to produce any documents.

In addition, on May 27, 2009, counsel for Defendants Apex and Ribbon Tree moved to withdraw on the grounds that Apex and Ribbon Tree have failed to respond to requests from counsel for payment of outstanding attorneys' fees and counsel have been unable to contact or communicate with Apex and Ribbon Tree regarding further instructions.  Accordingly, counsel contend they do not have the ability to represent these Defendants effectively.

## MOTION TO QUASH AND FOR A PROTECTIVE ORDER

Defendant Tully is a company organized under and subject to the laws of Hong Kong.  Defendant Wellink is a company organized under and subject to the laws of Macau.  Plaintiffs' Notices of Depositions require Tully and Wellink each to designate a knowledgeable individual or individuals to testify in Hong Kong on 13 specific topics that generally pertain to the distribution and sales network that Tully and Wellink used to promote and to

6  - OPINION AND ORDER

sell allegedly infringing ink cartridges for use in Epson printers in the United States and, specifically, about their knowledge that such sales were occurring in the State of Oregon.

**I.   Motion to Quash.**

Defendants Tully and Wellink move to quash the noticed depositions because such depositions would constitute a "substantial violation of Chinese sovereignty." They also contend the depositions are unnecessary and unduly burdensome.

   **A.   Standards.**

Whether "to quash notice of deposition . . . [is] within the discretion of the trial court." *Nilsson, Robbins, Dalgarn, Berliner, Carson, & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1547 (9th Cir. 1988).

   **B.   Discussion.**

Tully and Wellink assert they are Chinese citizens and are not subject to depositions by American attorneys for use in United States courts. They cite an informational "flyer" released by the United States Department of State advising

> there has been no success [since 1991] in obtaining permission from Chinese authorities to take depositions in China pursuant to a letter rogatory or letter of request. In view of the Chinese position on this question, at the present time, it does **not**

>           appear possible to take the deposition of a witness
>           located in China.

Defs.' Mem., Pultman Decl., Ex. H at 4 (emphasis in original). Based on this flyer, Tully and Wellink initially indicated they would respond to letters rogatory, document requests, and interrogatories that are set forth in a manner that complies with Chinese rather than American law.

According to Plaintiffs, however, the State Department also advises that United States attorneys are permitted to take depositions of "willing witnesses" in Hong Kong upon compliance with certain administrative procedures.  Pls.' Mem., Yang Decl., Ex. A.  Thus, Plaintiffs' noticed depositions to take place in Hong Kong where the witnesses for Tully are located.  Moreover, the record indicates Wellink's witnesses are located in Macau, which is a one-hour, inexpensive ferry ride away.

Tully and Wellink, however, do not appear to be "willing witnesses"[2] at present in light of their instructions to their attorneys regarding discovery.  Thus, there is not any effective procedure by which Plaintiffs are able to compel depositions of Tully and Wellink in Hong Kong in light of their clearly expressed instructions to counsel in the United States not to

---

[2] Tully and Wellink apparently were "willing" witnesses at some point after this action was filed based on their consent to answer letters rogatory or letters of request presented by Plaintiffs for the specific purpose of supporting their expected motions to dismiss for lack of personal jurisdiction.

8  -  OPINION AND ORDER

produce any documents pursuant to discovery.[3]

As noted, the Court directed the parties to file simultaneous supplemental briefs addressing whether the anticipated production of documents by Tully and Wellink would eliminate the need for their depositions at this early stage of the proceedings.  Plaintiffs complied with the Court's Order and filed a Supplemental Brief in which they asserted documents alone were not sufficient and they should be allowed "to move forward with [D]efendants' depositions."  In the meantime, however, counsel for Tully and Wellink have now advised the Court that they are unable to file a supplemental brief for the reasons set forth in their Motion to Withdraw.

In light of the unwillingness of Tully and Wellink to make themselves available in Hong Kong for depositions or to cooperate in producing appropriate jurisdictional discovery materials, it appears this Court lacks the ability to enforce any order that would require the depositions to take place in Hong Kong.

Under these circumstances, Plaintiffs urge the Court to deny the Motion to Quash of Defendants Tully and Wellink, order them to appear for depositions in the United States, compel

---

[3] In *Societe Nationale Industrielle Aerospatiale v. United States District Court,* the Supreme Court listed the factors that should be considered in any comity/sovereignty analysis.  482 U.S. 522, 544 (1987).  Those factors, however, are not relevant in this case because the putative deponents are not willing witnesses.

9   - OPINION AND ORDER

them to respond to pending discovery requests, and allow Plaintiffs to move for sanctions if they fail to comply with such discovery orders issued by this Court.  *See* Fed. R. Civ. P. 37(b)(2)(A)(vi) and (B)(sanctions for disobeying a court's discovery orders and failing to produce a person for deposition include, *inter alia*, "rendering a default judgment against the disobedient party.").

On this record, the Court concludes Plaintiffs are entitled to limited discovery relevant to the issue of personal jurisdiction over Defendants Tully and Wellink.  At present, however, it is not clear whether it is necessary to order depositions to be taken in the United States because Defendants Tully and Wellink have not yet responded to Plaintiffs' documentary discovery requests in light of the pendency of their Motion to Quash and for Protective Order.  Thus, Plaintiffs and the Court do not yet know whether documentary discovery will provide a sufficient foundation to address the issues of personal jurisdiction.  Accordingly, the Court **GRANTS** Defendants' Motion to Quash the Notices of Deposition **without prejudice** to Plaintiffs' reissuance of the Notices with leave of Court consistent with this Opinion and Order.

II.  **Protective Order**.

As noted, Defendants Tully and Wellink also seek a Protective Order barring Plaintiffs from seeking information that

10 - OPINION AND ORDER

extends beyond the issue of personal jurisdiction.

### A. Standards.

The trial court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense" to include "forbidding the disclosure or discovery." Fed. R. Civ. Proc. 26(c)(1). The Rule "confers broad discretion on the trial court to decide whether a protective order is appropriate and what degree of protection is required." *Seattle Times v. Rhinehart*, 467 U.S. 20, 36 (1984). The court must "weigh fairly the competing needs and interests of the parties affected by discovery." *Id*.

### B. Discussion.

Defendants Tully and Wellink contend Plaintiffs' Notice of Deposition seeks information such as "the physical structure" of the allegedly infringing ink cartridges manufactured and sold by Tully and Wellink, which is beyond the scope of the jurisdictional issue. The Court, however, notes Plaintiffs previously offered to withdraw this particular request if these Defendants withdrew their argument that this Court lacks personal jurisdiction over them on the basis that their ink cartridges do not infringe Plaintiffs' ink cartridges.

The Court agrees with Defendants Tully and Wellink that the physical structure of the ink cartridges manufactured by them appears to relate to the merits of Plaintiffs' patent-

11 - OPINION AND ORDER

infringement claims rather than to the issue of this Court's personal jurisdiction over them.  The Court concludes discovery on this issue is premature if Defendants Tully and Wellink move to dismiss for lack of personal jurisdiction.  In turn, the Court also concludes Defendants Tully and Wellink may not rely on evidence relating to the physical structure of the ink cartridges to support any motions to dismiss for lack of personal jurisdiction.

Finally, the Court notes Defendants Tully and Wellink contend Plaintiffs' Notices of Deposition seek information regarding Defendants' relationship with other companies that is irrelevant to the issue of personal jurisdiction.  Although the Court has granted Defendants' Motion to Quash without prejudice to Plaintiff's renewal of the Notices, the Court disagrees that Defendants' relationship with other companies is irrelevant to issues of personal jurisdiction.  Such information is discoverable via Plaintiffs' requests for documentary discovery to the extent that the information may lead to relevant evidence regarding the activities of other companies involved in the distribution and sales in Oregon of the allegedly infringing ink cartridges of Tully and Wellink, which, in turn, may significantly affect the minimum-contacts analysis at the heart of any personal-jurisdiction analysis.

Accordingly, the Court concludes Defendants Tully and

Wellink are entitled to a Protective Order that they need not disclose the physical structure of the ink cartridges at issue in this action subject to the condition that they do not rely on the physical structure of the ink cartridges to support their position that this Court lacks personal jurisdiction over them, but, nevertheless, they must provide documentary discovery relevant to personal jurisdiction issues including documents regarding their relationships with others.

## MOTIONS TO WITHDRAW

Counsel for Defendants Tully and Wellink and counsel for Apex and Ribbon Tree move to withdraw as attorneys of record.

### Standards

"An attorney may withdraw as counsel of record . . . with leave of Court." Local Rule 83.11(a). The decision whether to allow counsel to withdraw is within the discretion of the trial court. *United States v. Carlson,* 243 F.3d 550 (9th Cir. 2000).

### Discussion

Counsel assert they have been unsuccessful in communicating with their clients since April 24, 2009, when Defendants Tully and Wellink advised counsel that they were not authorized to produce any documents requested by Plaintiffs in this case. Other than that communication, Defendants Tully and Wellink "have become entirely unresponsive and have failed to provide any

13 - OPINION AND ORDER

further instructions" according to counsel.

Plaintiffs do not oppose this Motion, but they, nevertheless, urge the Court to order Defendants Tully and Wellink to provide jurisdictional discovery as set forth above. The Court agrees and does so in this Opinion and Order.

On this record, therefore, the Court grants counsel's Motion to Withdraw as Attorneys of Record for Defendants Tully and Wellink.

Counsel for Defendants Apex and Ribbon Tree also move to withdraw because Defendants Apex and Ribbon Tree have failed to communicate with counsel or to respond to requests for instructions as to the furtherance of their defense.  The Court finds these reasons are sufficient in light of the posture of this case and the impossible position in which counsel are placed under these circumstances.

Accordingly, the Court grants counsel's Motion to Withdraw as Attorneys of Record for Defendants Apex and Ribbon Tree.

## CONCLUSION

For these reasons, the Court:

1. **GRANTS** the Motion (#142) to Quash of Defendants Tully and Wellink to the extent that the Motion addresses the Notices of Deposition previously issued and does so **without prejudice** to Plaintiffs seeking to reissue such Notices in the future with

14 - OPINION AND ORDER

leave of Court;

    2.  **GRANTS in part** and **DENIES in part** the Motion (#142) for a Protective Order (#142) of Defendants Tully and Wellink as herein specified;

    3.  **GRANTS** the Motion (#153) of counsel for Defendants Tully and Wellink to withdraw as attorneys of record;

    4.  **GRANTS** the Motion (#161) of counsel for Defendants Apex and Ribbon Tree to withdraw; and

    5.  **ORDERS** Defendants Tully and Wellink to provide Plaintiff with complete responses to all outstanding documentary discovery requests relevant to issues of personal jurisdiction no later than **June 30, 2009.**

The Court also directs withdrawing counsel to provide their former clients with a copy of this Opinion and Order and directs Plaintiffs to take reasonable steps to ensure that Defendants Tully and Wellink have notice of the new deadline by which they are to provide documentary discovery.

The Court cautions Defendants Tully, Wellink, Apex, and Ribbon Tree that they may not make any further appearances in this case either generally or specially without counsel.

Defendants Tully, Wellink, Apex, and Ribbon Tree shall have until **July 3, 2009,** to make appearances through newly-retained counsel.  If these Defendants fail to retain new counsel and to file their appearances on or before that date, they shall be

15 - OPINION AND ORDER

subject to the entry of an order of default for failure to timely appear.

Finally, the Court directs Plaintiffs to file a status report with the Court regarding these issues no later than **July 6, 2009.**

IT IS SO ORDERED.

DATED this 8th day of June, 2009.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

16 - OPINION AND ORDER