IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SEIKO EPSON CORPORATION, a Japan corporation; EPSON AMERICA, INC., a California corporation; and EPSON PORTLAND, INC., an Oregon corporation,<br><br>            Plaintiffs,<br><br>v.<br><br>GLORY SOUTH SOFTWARE MANUFACTURING, INC., a California corporation; BUTTERFLY PRINT IMAGE CORP., LTD, a Hong Kong company; INK LAB (H.K.) CO., LTD, a Hong Kong company; NECTRON INTERNATIONAL, LTD, a Texas company; NINE STAR IMAGE CO., LTD, a China company; NINE STAR TECHNOLOGY CO., LTD, a California company; TOWN SKY, INC., a California corporation; ZHUHAI GREE MAGNETO-ELECTRIC CO., LTD, a China company; MMC CONSUMABLES,INC., a California | 06-CV-477-BR<br><br>OPINION AND ORDER |

1  - OPINION AND ORDER

company; TULLY IMAGING SUPPLIES,
LTD, a Hong Kong company; INKJET
WAREHOUSE.COM, INC., a Connecticut
corporation; WELLINK TRADING CO.,
LTD, a China company; RIBBON
TREE(MACAO) TRADING CO., LTD,
a China company; RIBBON TREE
(USA), INC., dba CANA-PACIFIC
RIBBONS, INC., a Washington
company; APEX DISTRIBUTING, INC.,
a Washington company; DATAPRODUCTS
USA, LLC, a California limited
liability corporation; MASTER INK
CO., LTD, a Hong Kong company;
and ACUJET U.S.A.,INC., a California
company,

      Defendants.


**DAVID W. AXELROD**
**DAVID ZASTROW NEWMAN**
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 S.W. Fifth Ave, Suite 1900
Portland, OR 97204
(503) 796-2900

**AARON CRAIG**
**HAROLD A. BARZA**
**J.D. HORTON**
**J.R. STEIN**
**JOSEPH M. PAUNOVICH**
**RYAN S. GOLDSTEIN**
**TIGRAN GULEDJIAN**
**VALERIE RODDY**
**JULIA BROWNSTONE**
**LANCE YANG**
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 624-7707

   Attorneys for Plaintiffs Seiko
   Epson Corporation; Epson America,
   Inc.; and Epson Portland, Inc.

2 - OPINION AND ORDER

**TIMOTHY S. DEJONG**
Stoll Stoll Berne Lokting & Schlachter, PC
209 S.W. Oak Street
Fifth Floor
Portland, OR 97204
(503) 227-1600

**EDWARD O'CONNOR**
**STEPHEN M. LOBBIN**
The Eclipse Group LLP
1920 Main Street
Suite 150
Irvine, CA 92614
(949) 851-5000

>     Attorneys for Defendants
>     Glory South Software
>     Manufacturing, Inc.; Butterfly
>     Print Image Corp., LTD;
>     Ink Lab (H.K.) Co., LTD;
>     Nectron International, LTD;
>     Nine Star Image Co., LTD;
>     Nine Star Technology Company, LTD;
>     Town Sky, Inc.; and DataProducts
>     USA, LLC

**BERT P. KRAGES II**
6665 S.W. Hampton Street
Suite 200
Portland, OR 97223
(503) 597-2525

**CHARLES R. SUTTON**
**JOSEPH M. LIU**
Law Offices of Roger C. Hsu
201 S. Lake Ave.
Suite 302
Pasadena, CA 91101

>     Former Attorneys for Defendant Zhuhai
>     Gree Magneto-Electric Co., LTD

3 - OPINION AND ORDER

**BROWN, Judge**.

This matter comes before the Court on Plaintiffs' (collectively referred to as Seiko Epson) Motion (#273) for a Finding of Personal Jurisdiction and for Entry of Order of Default against Defendant Zhuhai Gree Magneto-Electric Co., Ltd.[1]

For the following reasons, the Court **GRANTS** Plaintiffs' Motion in its entirety.

### BACKGROUND

On August 31, 2010, counsel for Zhuhai moved to withdraw as counsel of record after Zhuhai discharged them from any further representation in this proceeding.

On September 8, 2010, this Court issued an Order (#267) granting counsel's motion on condition that counsel deliver a Notice to Zhuhai notifying it (1) that it "may not further appear or defend itself in this action until it retains counsel, including local counsel, who are authorized to practice in this court"; (2) that "newly-retained counsel must move to appear on behalf of Zhuhai in this action no later than October 8, 2010";

---

[1] In a related case, *Seiko Epson Corp. v. Glory South Software Manufacturing, Inc.,* 06-CV-236-BR, Plaintiffs allege Defendants infringed other patents. The issues involved in both cases, however, are identical, and an identical Motion (#307) is pending in 06-CV-236-BR.

4  - OPINION AND ORDER

and (3) that Zhuhai's failure to comply with these conditions "may result in an Order of Default against Zhuhai."

On September 9, 2010, Zhuhai's former counsel filed with the Court a Notice to Zhuhai Gree Concerning Deadline to Obtain Counsel that complied with the Court's Order and included a Proof of Service that reflected the Notice was sent by first-class mail to Zhuhai Gree at its business address in Guang Dong, China, and also e-mailed to attorney Charles Sutton's "internal contact within Zhuhai."

Based on counsel's compliance and Zhuhai's noncompliance with the Court's Order, Seiko Epson requests that the Court find that Zhuhai is subject to this Court's personal jurisdiction and moves for the entry of an Order of Default.

### STANDARDS

**A.    Personal Jurisdiction.**

   **1.    Minimum Contacts with Forum District.**

In a patent-infringement case, a court applies Federal Circuit law rather than the law of the regional circuits to determine whether the court has personal jurisdiction over the defendant. *Red Wing Shoe Co, Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998). *See also Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995).

The Federal Circuit has held personal jurisdiction depends on whether the forum state's long-arm statute permits service of process and whether the assertion of jurisdiction would be inconsistent with due process. *Elec. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003); *See also United States v. Swiss Am. Bank, Ltd.*, 191 F.3d 30, 36 (1st Cir. 1999).

Oregon Rule of Civil Procedure 4L, Oregon's long-arm statute, confers personal jurisdiction "'to the outer limits'" of constitutional due process. *Hedrick v. Daiko Shoji Co., Ltd., Osaka*, 715 F.2d 1355, 1357 (9th Cir. 1983). Accordingly, a foreign defendant must have sufficient minimum contacts with the state "such that it should reasonably anticipate being haled into court there." *Red Wing,* 148 F.3d at 1358-59 (citing *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)). Federal Rule of Civil Procedure 4(k)(2), the federal long-arm statute, requires the same minimum contacts analysis, but the analysis is undertaken "with reference to the United States as a whole" rather than with reference to a particular state. *Swiss Am. Bank,. Ltd.,* 191 F.3d at 36.

The minimum-contacts test examines the number and nature of a defendant's contacts with the forum. *Red Wing*, 148 F.3d at 1359. Jurisdiction may be either general or specific. *Id.*

6 - OPINION AND ORDER

   a. <u>General Jurisdiction</u>.

"General personal jurisdiction [] requires that the defendant have 'continuous and systematic' contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts." *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1200 (Fed. Cir. 2003).

   b. <u>Specific Jurisdiction</u>.

Even if the district court lacks general jurisdiction over the defendant, the court may have specific jurisdiction if the plaintiff is able to show that the defendant "has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Deprenyl Animal Health, Inc. v. University of Toronto Innovations Foundation*, 297 F.3d 1343, 1350 (Fed. Cir. 2002).

 **2.** <u>**Evidentiary Requirements**</u>.

If "the district court's disposition as to the personal jurisdictional question is based on affidavits and other written materials in the absence of an evidentiary hearing, a plaintiff need only to make a *prima facie* showing that defendants are subject to personal jurisdiction." *Deprenyl Animal Health, Inc.*, 297 F.3d at 1347. (Fed. Cir. 2002). *See also Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

7  -  OPINION AND ORDER

On a motion to dismiss for lack of personal jurisdiction, "uncontroverted allegations in [plaintiff's] complaint must be taken as true and conflicts between the facts contained in the parties affidavits must be resolved in [plaintiff's] favor." *Brayton Purcell LLP v. Recordon & Recordon*, 575 F3d 981, 985 (9th Cir. 2009). *See also Coyle*, 340 F.3d at 1349.

### 3. Waiver of Objection to Personal Jurisdiction.

A party's defense of lack of personal jurisdiction may be waived based on the party's conduct during the course of litigation. *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998). *See also Continental Bank N.A.*, 10 F.3d 1293, 1296-97 (7th Cir. 1993)(the defendant waived any objection to personal jurisdiction even though it had been asserted as a defense in the party's answer "by fully participat[ing] in litigation on the merits for over two-and-one-half years without actively contesting personal jurisdiction.").

### B. **Default Order**.

A corporation may appear in federal court only through licensed counsel. *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 202 (1993). The entry of an order of default or default judgment is an appropriate sanction if a party fails to obey an order to obtain counsel. *Eagle Assoc. v. Bank of Montreal,* 926 F.2d 1305, 1310 (2d Cir. 1991)(when the district court properly ordered a defendant to appear through counsel, a default judgment was

8  -  OPINION AND ORDER

"appropriate" based on a "willful disregard of the district court's order."). The ultimate decision to grant or to deny a request for a default order and/or default judgment lies within the sound discretion of the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

## DISCUSSION

**A.   Personal Jurisdiction.**

As a predicate to its Motion for Entry of a Default Order, Seiko Epson first seeks a *prima facie* finding that Zhuhai is subject to the personal jurisdiction of this Court in the District of Oregon.

To support such a finding, Seiko Epson submits the Declaration of its counsel, Justin M. Brownstone, to establish that (1) Zhuhai waived any objection to the Court's exercise of personal jurisdiction over it by actively participating in defending against Seiko Epson's claims in this case and (2) even if Zhuhai did not waive any objection, Zhuhai has sufficient minimum contacts in this District for the Court to exercise personal jurisdiction over Zhuhai.

**1.   Waiver of Objection to Personal Jurisdiction.**

Seiko Epson asserts and the record reflects Zhuhai (1) filed an Answer on May 29, 2009, in which it denied Seiko Epson's affirmative allegations of infringement, (2) served discovery

9  - OPINION AND ORDER

requests on Seiko Epson, (3) responded to Seiko Epson's discovery requests, (4) met and conferred with Seiko Epson's counsel, and (5) actively participated in the *Markman* claim-construction process, including attendance at the *Markman* Hearing.

The record is clear that Zhuhai has actively participated in defending against Seiko Epson's claims against it. Moreover, there is not any indication in the record that Zhuhai has ever asserted the Court lacks personal jurisdiction over it.

On this record, the Court concludes Zhuhai has waived its right to assert any defense in this case that the Court lacks personal jurisdiction over it.

**2. Zhuhai's Contacts with the District of Oregon.**

Seiko Epson has presented evidence that samples of allegedly infringing cartridges manufactured by Zhuhai were shipped by Zhuhai to Florence, Oregon, in November 2005 and again via InkjetMadness.com in November 2007. *See* Pl. Mem., Brownstone Decl. at ¶¶ 4-6, Exs. C-E.

On this record, the Court concludes Zhuhai has had sufficient contacts with the State of Oregon to support a finding that this Court has specific jurisdiction over Zhuhai in this matter.

**B.    <u>Default Order</u>.**

Zhuhai has ignored this Court's September 8, 2010, Order requiring Zhuhai have counsel appear in this action on behalf of

10 - OPINION AND ORDER

Zhuhai no later than October 8, 2010, and the Court's warning that failure to do so may result in an Order of Default against Zhuhai.

On this record, the Court, in the exercise of its discretion, concludes the entry of an Order of Default is appropriate.

### CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motion (#273) for a Finding of Personal Jurisdiction and hereby issues an Order of Default against Defendant Zhuhai Gree Magneto-Electric Co., Ltd.

IT IS SO ORDERED.

DATED this 27th day of October, 2010.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER